IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JASON MICHAEL FIRQUAIN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 07-CV-406-GKF-PJC |
| ) | |
| BRUCE HOWARD, Warden, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

Before the Court is Respondent's motion to dismiss petition for habeas corpus as time barred by the statute of limitations (Dkt. # 9). Petitioner, a state inmate appearing *pro se*, did not file a response to the motion to dismiss. Respondent's motion is premised on 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which imposes a one-year limitations period on habeas corpus petitions. For the reasons discussed below, the Court finds that the petition was not timely filed. Respondent's motion to dismiss shall be granted and the petition for writ of habeas corpus shall be dismissed with prejudice.

### *BACKGROUND*

Petitioner challenges his conviction entered in Tulsa County District Court, Case No. CF-2003-1376. See Dkt. #1. The docket sheet provided by Respondent reflects that on May 19, 2003, the state district court found Petitioner guilty after accepting his pleas of *nolo contendere* to Shooting With Intent to Kill (Count 1) and to Possession of Firearm After Former Conviction of a Felony (Count 2). See Dkt. # 10, Ex. 1 at page 4 of 12. On July 15, 2003, Petitioner was sentenced to a fifteen (15) year split sentence with the first twelve (12) years in custody and the last three (3) years suspended on Count 1, and to five (5) years in custody on Count 2, to be served concurrently. Id. at page 5 of 12. Petitioner did not file a motion to withdraw plea and did not otherwise perfect

an appeal to the Oklahoma Court of Criminal Appeals ("OCCA").  See id. at page 7 of 12. On August 6, 2004, a request for sentence modification was denied. See id. at page 8 of 12.

On January 23, 2007, Petitioner filed an application for post-conviction relief. Id. at page 9 of 12. The state district court denied the application by order filed March 16, 2007. Id. at page 10 of 12.  Petitioner appealed to the OCCA, and by order filed June 20, 2007, in Case No. PC-2007-364, the OCCA affirmed the district court's denial of post-conviction relief. See Dkt. # 10, Ex. 3.

Petitioner commenced this habeas corpus action on July 23, 2007. See Dkt. # 1. Pursuant to the Court's directive (Dkt. # 2), Petitioner filed an amended petition (Dkt. # 4) on August 20, 2007.

*ANALYSIS*

The AEDPA, enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In general, the limitations period begins to run from the date on which a

2

prisoner's conviction becomes final, but may also begin to run under the terms of § 2244(d)(1)(B), (C), and (D).  Also, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period.  § 2244(d)(2).

Application of the provisions of § 2244(d)(1)(A) to the instant case leads to the conclusion that this habeas petition was filed after the expiration of the one-year limitations period. Because Petitioner failed to file a motion to withdraw his *nolo contendere* pleas in Case No. CF-2003-1376, his conviction became final, pursuant to § 2244(d)(1)(A), ten (10) days after pronouncement of his Judgment and Sentence, or on July 25, 2003.  See Rule 4.2, *Rules of the Court of Criminal Appeals* (requiring the defendant to file an application to withdraw plea of guilty within ten (10) days from the date of the pronouncement of the Judgment and Sentence in order to commence an appeal from any conviction on a plea of guilty or *nolo contendere*). As a result, his one-year limitations clock for any claim challenging his convictions, including the claims raised in the instant petition, began to run on July 25, 2003. Absent a tolling event, a federal petition for writ of habeas corpus filed after July 25, 2004, would be untimely.  See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline).

Although the running of the limitations period would be tolled or suspended during the pendency of any post-conviction or other collateral proceeding with respect to the pertinent judgment or claim properly filed during the limitations period, 28 U.S.C. § 2244(d)(2); Hoggro, 150 F.3d at 1226, Petitioner did not seek any post-conviction relief during the relevant period. Petitioner's application for post-conviction relief was not filed until January 23, 2007, or well after the July 25, 2004, deadline.  A collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations.  See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001).  As a result, the post-conviction proceeding commenced by Petitioner

after expiration of the limitations period did not toll the limitations period. Therefore, this action, commenced on July 23, 2007, appears to be untimely.

Petitioner failed to file a response to Respondent's motion to dismiss. Nothing in the record suggests that Petitioner is entitled to either statutory or equitable tolling of the limitations period. See <u>Gibson v. Klinger</u>, 232 F.3d 799, 808 (10th Cir. 2000) (stating that to be entitled to equitable tolling, a petitioner must demonstrate that his inability to file his habeas petition within the one-year period was due to circumstances beyond his control); <u>Miller v. Marr</u>, 141 F.3d 976, 978 (10th Cir. 1998). As a result, the Court concludes that this action is time-barred. Respondent's motion to dismiss shall be granted and Petitioner's petition for writ of habeas corpus, as amended, shall be dismissed with prejudice.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 9) is **granted**.

2. The petition for writ of habeas corpus (Dkt. # 1), as amended (Dkt. # 4), is **dismissed with prejudice**.

3. A separate Judgment shall be entered in this case.

DATED THIS 7th day of July 2008.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma